**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF LOUISIANA**

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | § | **CIVIL ACTION No. 2:20-cv-02912** |
| | § | |
| **Plaintiff,** | § | |
| | § | **JUDGE GREG G. GUIDRY** |
| **V.** | § | |
| | § | |
| **WHERE Y'AT MAGAZINE, LLC,** | § | **MAGISTRATE MICHAEL B. NORTH** |
| | § | |
| **Defendant.** | § | |

---

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER

---

Plaintiff Larry G. Philpot (hereafter "Plaintiff" or "Philpot") respectfully submits this Reply in Support of His Motion for Protective Order as follows:

### I.

### PRELIMINARY STATEMENT

Defendant's anger-filled Opposition to Plaintiff's Motion for Protective Order is premised on the faulty assertion that Plaintiff's copyright deposit materials are in the public domain.  Indeed, Defendant makes this "public domain" assertion seven times in its Opposition.  However, that assertion is conclusively wrong.  As Plaintiff owns a copyright in his copyright deposit materials, they are the opposite of the public domain.  And the fact that many of the images in the copyright deposit materials remain unpublished is the very reason that Plaintiff should not be required to produce them to Defendant, a known copyright infringer, without any protections whatsoever.  Plaintiff's requested protective order is warranted, and no amount of Defendant's vitriol will change that.

## II.

## ARGUMENT AND AUTHORITIES

### A.  A Protective Order to Govern Confidential Documents is Warranted

While Defendant previously refused the entry of a protective order of any kind, Defendant now concedes that a protective order to govern confidential financial information is warranted.[1] Thus, at a minimum, Plaintiff's Motion should be granted in part.  The only question that remains is whether Plaintiff's copyright deposit materials should be included within the protective order.

### B.  Good Cause Exists to Protect Plaintiff's Copyright Deposit Materials

In response to Plaintiff's Motion, Defendant argues that Plaintiff's copyright deposit materials should not be covered by a protective order in this case because (1) Plaintiff's copyright deposit materials are in the "public domain;" (2) Defendant needs to inspect Plaintiff's copyright deposit materials because the copyright deposit materials frame the scope of the copyright; (3) the amount in controversy in this case is small; and (4) Plaintiff is a "copyright troll" and is perpetuating a "scam."  We will address each argument in turn.

#### 1.  Plaintiff's Copyright Materials are Not in the Public Domain

Defendant repeatedly asserts that Plaintiff's copyright deposit materials are in the "public domain."  That is categorically false.  Public domain "connotes the opposite of legal protection."[2] In contrast, Plaintiff's copyright deposit materials are the opposite of public domain—they are copyrighted by Plaintiff.  Because copyright deposit materials are not in the public domain, the

---

[1] Memorandum in Opposition to Plaintiff's Motion for Protective Order [Doc. 19], June 24, 2021, at 1 ("But to be clear, Defendant does not oppose the issuance of a protective order to protect any confidential information, such as, *e.g.*, financial information, requested through discovery.") (underline in original).

[2] 3 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 9A.01 (Matthew Bender, Rev. Ed.).  *See also Real View, LLC v. 20-20 Techs., Inc.*, 683 F. Supp. 2d 147, 151 (D. Mass. 2010).

United States Copyright Office does not provide copies of such materials to anyone who wants them.  Rather, such materials are limited to supervised inspection without copying by members of the public.  Further, the Copyright Office will provide copies of deposit materials, in limited circumstances, to individuals with the express assurance that the copies will only be used for a specified purpose (such as litigation).[3]

It is because Plaintiff's copyright deposit materials are *not* in the public domain that they should be covered by a protective order.  There are 7,992 images contained in the copyright registration deposit at issue, and most of those images have never been published.[4]  Part of Plaintiff's copyright includes the right to the first publication of his copyrighted work.[5]  Only a protective order will protect Plaintiff's right to first publication.  Without a protective order, Defendant or any third party to whom Defendant provides Plaintiff's copyright deposit material could publish Plaintiff's currently-unpublished images from the copyright deposit materials.  And

---

[3] 17 U.S.C. §§ 705, 706(b) ("Copies or reproductions of deposited articles retained under the control of the Copyright Office shall be authorized or furnished only under the conditions specified by the Copyright Office regulations."); *Compuware Corp. v. Serena Software Int'l., Inc.*, 77 F. Supp. 2d 816, 822 (E.D. Mich. 1999) ("The regulations of the Copyright Office prohibit a person who views the copies from engaging in duplication.  Section 1902.01 of the Compendium of Office Practices of the Copyright Office provides that in order to view any materials concerning completed registrations, one must sign a 'Request for Inspection of Copyright Deposit' which contains an 'agreement not to copy or deface the material to be inspected.'  Under this same section, the regulations of the Copyright Office authorize the visitor to 'make *limited* notes about the deposited copy . . . only on the form provided for that purpose by the Certification and Documents Staff' (emphasis in original), and the staff reviews all notes before the viewer leaves."); *see also Atari Games Corp. v. Nintendo of Am., Inc.*, 975 F.2d 832, 842 (Fed. Cir. 1992) (holding that defendant's acquisition of copyrighted materials without actual litigation or controversy and reproduction of an unauthorized copy from the Copyright Office violates 17 U.S.C. § 106(1).).

[4] Declaration of Larry Philpot, June 9, 2021 [Doc. 16-2], ("Philpot June Decl."), at ¶ 4.

[5] *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 552-53 (1985).

---

the chances of that happening are not inconsequential as Defendant has already infringed Plaintiff's copyright (hence, this lawsuit) and Plaintiff's copyrighted works are often infringed.[6]

While the materials are not in the public domain, they are publicly available through the United States Copyright Office, but with certain protections.  To be sure, Defendant is free to inspect, but not copy, Plaintiff's copyright deposit materials at the United States Copyright Office, or alternatively, to obtain a copy of such materials from the Copyright Office by completing the Copyright Office Litigation Form in which Defendant must certify that it will only use the copyright deposit materials for this litigation.  While not required to do so since such materials are publicly available, Plaintiff has offered to provide a copy of his copyright deposit materials to Defendant provided that they are treated as confidential under a protective order.  Defendant refused.  There is no reason why Plaintiff should be required to produce his copyright deposit materials to Defendant without any protection, as Plaintiff is requesting no greater protection than what is afforded by the Copyright Office.

**2.   Defendant's Need to Inspect Plaintiff's Copyright Deposit Materials Does Not Weigh Against Issuance of a Protective Order**

Defendant asserts that it needs to inspect the entirety of Plaintiff's copyright deposit materials to confirm that the Tom Petty Photo (the work at issue in this case) is in fact contained in the copyright deposit, and verify that the other images contained in the copyright deposit materials are in fact unpublished.  Plaintiff is happy to produce his copyright deposit materials to Defendant under the protection of a protective order so that Defendant can perform this inspection. Alternatively, Defendant is free to inspect without copying the copyright deposit materials at the United States Copyright Office or at the office of Plaintiff's counsel.  Additionally, Defendant is

---

[6] Philpot June Decl. at ¶¶ 7, 9.

welcome to obtain a copy of the deposit materials by submitting the Copyright Office Litigation

Form to the Copyright Office.  The production of Plaintiff's copyright deposit materials without a

protective order is not necessary for Defendant to perform the inspection.

### 3.   The Amount in Controversy Does Not Weigh Against Issuance of a Protective Order

Defendant also argues that it should not have to go through the process of obtaining a copy

of Plaintiff's copyright deposit materials from the United States Copyright Office because, it

alleges, the amount at issue in this case is small.   Putting aside the issue of the amount in

controversy, as noted above, Defendant will not have to incur the time and expense of obtaining

Plaintiff's copyright deposit materials from the United States Copyright Office if Plaintiff

produces the materials under a protective order.   There is no exception to Federal Rule of Civil

Procedure 26(c) (which governs protective orders) for cases that one party believes does not have

much in dispute.   What matters is that Plaintiff will be prejudiced without a protective order.[7]

### 4.   Defendant's Characterization of Plaintiff as a "Copyright Troll" and Operating a "Scam" is Both Improper and Wrong

Defendant goes to great lengths to assert that Plaintiff is a "copyright troll" and that this

litigation is part of a "scam" in which Defendant is a victim.  The facts on which Defendant relies,

however, are simply not correct.

First, Defendant posits that Plaintiff operates a "scam" whereby he uploads photographs of

celebrities to the Internet and offers licenses to the photographs under a Creative Commons license

for the purpose of trapping unsuspecting users who will think they can use the photograph for free

and then suing users who do not comply with the attribution requirements of the Creative

Commons license for copyright infringement.   That assertion is false.

---

[7] Fed. R. Civ. P. 26(c).

Representatives from Wikipedia approached Plaintiff in 2011 and requested to use his photograph of Willie Nelson on the Wikimedia page for Willie Nelson.[8]  Wikipedia informed Plaintiff that the photograph would be made available to third parties to use under a Creative Commons license, and that under such a license, such third parties must provide attribution to Plaintiff.[9]  Plaintiff agreed and provided his photograph of Willie Nelson.  Later, representatives from Wikipedia asked Plaintiff to provide photographs of additional celebrities under a Creative Commons license.[10]  With the understanding that third parties would provide Plaintiff with attribution for the respective images, Plaintiff agreed to offer such images, including the Tom Petty Photo, under a Creative Commons license.[11]  In 2013, Plaintiff uploaded the Tom Petty Photo to the Internet and offered it under a Creative Commons license on September 12, 2013.[12]  At the time, Plaintiff did not envision suing anyone for copyright infringement.[13]  Plaintiff provided most of his images without a watermark or "right-click protection" because Wikipedia and Wikimedia discourages uploading photographs with watermarks.[14]  However, the Wikimedia pages on which Plaintiff offers his images under a Creative Commons license clearly indicate that the photographs are copyrighted by Plaintiff and that a user must provide attribution to obtain the Creative Commons license.[15]

---

[8] Declaration of Larry Philpot, July 7, 2021 ("Philpot July Decl."), *attached* as Exhibit A, at ¶ 3.

[9] *Id.*

[10] *Id.* at ¶ 4.

[11] *Id.*

[12] *Id.* at ¶ 5.

[13] *Id.* at ¶ 6.

[14] *Id.* at ¶ 7.

[15] *Id.* at ¶ 5, Ex. 1.

Plaintiff's work is so good that Wikipedia used several of Plaintiff's photographs as the main image on its articles for several celebrities, including Willie Nelson.[16]   Additionally, hundreds of third parties have used Plaintiff's works under a Creative Commons license and provided attribution to Plaintiff.[17]   In that sense, Plaintiff is a renowned freelance photographer and has a reputation as a premier photographer.

It was only roughly a year after Plaintiff uploaded the Tom Petty Photo that Plaintiff searched the Internet and discovered that while some third parties used his images properly under a Creative Commons license by providing him with attribution, several others did not provide him with the attribution he was promised.[18]   Plaintiff filed his first lawsuit for copyright infringement on August 1, 2014 in the matter *Philpot v. Manhattan Media LLC*, Case No. 1:14-cv-01284-JMS-DML in the United States District Court for the Southern District of Indiana.[19]

Since filing his first copyright infringement lawsuit on August 1, 2014, Plaintiff has not offered a single new photograph under a Creative Commons license.[20]   Additionally, Plaintiff does not have the ability to remove his work from Wikimedia or to stop offering his images under a Creative Commons license.[21]

Accordingly, characterizing Plaintiff as operating a "scam" is simply wrong.   Plaintiff never had any intention of trapping anyone, nor does defending his copyrights constitute

---

[16] *Id.* at ¶ 8.

[17] Philpot June Decl. at ¶ 7; Philpot July Decl. at ¶ 8.

[18] Philpot July Decl. at ¶ 9.

[19] *Id.* at ¶ 10.

[20] *Id.* at ¶ 11.

[21] *Id.*

"trapping."[22]  Rather, Plaintiff offered his copyrighted images under a Creative Commons license for attribution and while many people complied with the license, several parties, including Defendant, chose to take Plaintiff's copyrighted work and infringe Plaintiff's copyright.

Second, the assertion that Plaintiff is a "copyright troll" is improper and wrong.  As the United States District Court for the Northern District of Illinois recognized in *Malibu Media, LLC v. Doe*, "The Court has a hard time seeing how the former allegation involves 'misuse' of [plaintiff's] copyrights.  It is certainly true that [plaintiff] has filed a very large number of infringement suits in this district and in others.  But that is what the holders of intellectual property rights do when they are faced with mass infringement."[23]  Similarly, here Plaintiff's copyrights have been subject to widespread infringement.  There is nothing improper with Plaintiff suing to enforce his copyrights.

The United States District Court for the Southern District of Ohio similarly held in *Freeplay Music, LLC v. Dave Abrogast Buick-GMC, Inc.*, "Standing alone, initiating multiple copyright infringement actions and attempting to negotiate settlements does not indicate copyright misuse or copyright trolling."[24]  The Court went further to indicate that the plaintiff in that case was not a copyright troll, despite filing a large number of cases, because the plaintiff "has not employed unorthodox litigation tactics or made material misstatements in an effort to intimidate [the defendant]."[25]  Here, Defendant cannot point to any unorthodox litigation tactics or material misstatements made in an effort to intimidate it.  Rather, Defendant complains that Plaintiff seeks

---

[22] *Id.* at ¶ 12.

[23] *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929, at *6, 2014 WL 2581168 (N.D. Ill. June 9, 2014).

[24] *Freeplay Music, LLC v. Dave Abrogast Buick-GMC, Inc.*, No. 3:17-cv-42, 2019 U.S. Dist. LEXIS 163383, at *38, 2019 WL 4647305 (S.D. Ohio Sept. 24, 2019).

[25] *Id.*

---

a protective order to cover his copyright deposit materials and that Plaintiff did not accept Defendant's Rule 68 offer of judgment.  As noted above, a protective order is clearly warranted to protect Plaintiff's copyright deposit materials.  And declining an offer of judgment does not constitute an unorthodox litigation tactic.[26]

Defendant also cites *Philpot v. Emmis Operating Co.* that references a motion to compel in a separate lawsuit styled *Philpot v. WOS, Inc.*  Specifically, the *Emmis* Court stated, "when the *WOS* case was before the undersigned on a motion to compel, Philpot objected to producing financial records to demonstrate his alleged income from his freelance photography work.  When the undersigned overruled Philpot's objections to producing tax returns, his counsel informed the Court that Philpot had not filed returns for several years."[27]  However, this statement is incomplete. Plaintiff paid his taxes for the years at issue before his taxes were due, and Plaintiff completed and filed his tax returns for the missing years immediately after the Court's order compelling production.  Plaintiff then produced these tax returns to the defendant in that case under a protective order prior to the deadline imposed by the Court in its order granting the motion to compel.

Defendant also cites *Philpot v. L.M. Communs. II of S.C.*, for the proposition that Plaintiff places his photos on the Internet without being "right-click protected or protected by a watermark that would alert the potential infringer of the copyright."[28]  However, as noted above, Wikipedia

---

[26] When Defendant made its offer of judgment, Plaintiff's costs and attorney fees exceeded the amount of Defendant's offer of judgment as Defendant provided an improper address to the Louisiana Secretary of State which resulted in increased costs and attorney fees to serve Defendant with process.

[27] *Philpot v. Emmis Operating Co.*, No. 1:18-CV-00816-RP, 2019 U.S. Dist. LEXIS 112440, at *6.

[28] *Philpot v. L.M. Communs. II of S.C.*, No. 5:17-CV-173-CHB, 2020 U.S. Dist. LEXIS 85901, at *11 (E.D. Ky. May 15, 2020).

---

and Wikimedia discourage users from uploading images that are watermarked or right-click protected.[29]   Additionally, the Wikimedia pages on which Plaintiff offered his images under a Creative Commons license clearly indicate that the respective image is copyrighted by Plaintiff and that a user must provide attribution to obtain a Creative Commons license for the image.[30]   As this information was clearly visible and prominently displayed on the webpage, courts have ruled that a sophisticated business would not reasonably believe the work to be free.[31]

## C.  Defendant's Request for Sanctions Should be Denied

Defendant suggests that this Court should issue an order to show cause against Plaintiff and sanction him for seeking a protective order because Defendant alleges that Plaintiff's motion is frivolous.  However, as explained above, Plaintiff's request for a protective order is reasonable and necessary to protect his unpublished copyright deposit materials.  Even the United States Copyright Office will not provide Plaintiff's copyright deposit materials with no restrictions placed on its use.  Rather, it is Defendant's contention that Plaintiff's copyrighted work is in the public domain that is frivolous.

Additionally, sanctions are inappropriate because Defendant encouraged Plaintiff to move for a protective order and a protective order is necessary to protect other confidential documents that are not copyright deposit materials, such as confidential financial information and documents.

---

[29] Philpot July Decl. at ¶ 7.

[30] *Id.* at ¶ 5.

[31] *See Freeplay Music, LLC v. Dave Abrogast Buick-GMC, Inc.*, No. 3:17-cv-42, 2019 U.S. Dist. LEXIS 163383, at *34, 2019 WL 4647305 (S.D. Ohio Sept. 24, 2019).

Date: July 7, 2021

Respectfully submitted,

**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC**

<u>/s/ Galen M. Hair</u>
Galen M. Hair, Esq. La. Bar No. 32865, TA
Hair Shunnarah Trial Attorneys, LLC
4621 W. Napoleon Ave., Suite 204
Metairie, Louisiana 70001
Tel: (504) 383-7826
Fax: (504) 613-6351
Email: hair @hairshunnarah.com

**HUTCHERSON LAW PLLC**

<u>/s/ Kenton J. Hutcherson</u>
Kenton J. Hutcherson, Esq.
Admitted Pro Hac Vice
Texas Bar No. 24050798
Hutcherson Law PLLC
3400 Oak Grove Avenue, Suite 350
Dallas, Texas 75204
Tel: (214) 443-4200
Fax: (214) 443-4210
Email: kjh@hutchersonlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service of this filing will be perfected on all ECF-registered counsel through this system.

/s/ Kenton J. Hutcherson
Kenton J. Hutcherson, Esq.