| | |
|---|---|
| **From:** | DeCarlo, Dan |
| **To:** | Kenton Hutcherson |
| **Cc:** | Reynaud, Claude; hair@hairshunnarah.com; Alec Ramsey |
| **Subject:** | RE: Philpot v. Where Y"At- meet and confer on summary judgment |
| **Date:** | Sunday, July 18, 2021 6:31:43 PM |
| **Attachments:** | image002.png |

So in light of the obviously low value of this matter and our laying out why we think your client can't prevail, you are not interested in explaining why we are wrong? What value is there Kenton, in a case of this value hiding the ball in terms of your case? You think that is a good way to use a Federal Court's resources?

If we are wrong, why not tell us so that we both don't incur attorney time and the Court's time. The facts are not in dispute, so if we have it wrong legally, please share with us your view. From the onset of this case you have been obstreperous. From refusing a more than reasonable Rule 68 offer to insisting on being able to produce public information under seal. One of the factors a Court uses in the determination of attorney fee awards is the litigation behavior of the parties. We have quite a record already of unreasonable litigation conduct.

So, once again, whether the rules require it or note, we would ask that you meet and confer. Why is our motion not viable? What is your opposition going to be premised upon?

Regards.

**From:** Kenton Hutcherson <kjh@hutchersonlaw.com>
**Sent:** Saturday, July 17, 2021 3:54 PM
**To:** DeCarlo, Dan <Dan.DeCarlo@lewisbrisbois.com>
**Cc:** Reynaud, Claude <Claude.Reynaud@lewisbrisbois.com>; hair@hairshunnarah.com; Alec Ramsey <BAR@hutchersonlaw.com>
**Subject:** [EXT] RE: Philpot v. Where Y'At- meet and confer on summary judgment

**Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dan,

My understanding is that a meet and confer is not required for a motion for summary judgment. We will file our response in opposition to such motion at the appropriate time. In any event, we are opposed to your client's motion for summary judgment.

Thanks very much.



Kenton J. Hutcherson, Esq.
Hutcherson Law PLLC
3400 Oak Grove Avenue, Suite 350
Dallas, Texas 75204
Tel: (214) 443-4200
Email: kjh@hutchersonlaw.com
www.hutchersonlaw.com

**From:** DeCarlo, Dan <Dan.DeCarlo@lewisbrisbois.com>

**Sent:** Thursday, July 15, 2021 3:09 PM
**To:** Kenton Hutcherson <kjh@hutchersonlaw.com>
**Cc:** Reynaud, Claude <Claude.Reynaud@lewisbrisbois.com>; hair@hairshunnarah.com; Alec Ramsey <BAR@hutchersonlaw.com>
**Subject:** Philpot v. Where Y'At- meet and confer on summary judgment

Kenton:

Please consider this a meet-and confer-on our summary judgment motion.  Mr. Philpot's claims are fatally defective and subject to judgment in our client's favor.  The reason is simple:

1. "Subject to certain exceptions, the Copyright Act (the "Act") requires copyright holders to register their works before suing for copyright infringement … Section 411(a)'s registration requirement is a precondition to filing a claim." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

2. The complaint alleges that the Tom Petty Image is registered with copyright VAu  1-164-624.  The registration is described as "Concert photographs through August 15, 2013."  As such, the complaint alleges compliance with section 411's precondition registration requirement.

3. In order for a copyright registration to serve as the prerequisite noted in Section 411(a) and *Reed Elsevier*, the registration must comply with 17 U.S.C. § 408(a), which states in relevant part, "the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by **delivering to the Copyright Office the deposit specified by this section**, together with the application and fee specified by sections 409 and 708." 17 U.S.C. § 408(a) [**emphasis** added].

4. It is the deposit copies that frame the metes and bounds of that which is the subject of the copyright registration.  "The purpose of the deposit is to make a record of the claimed copyright, provide notice to third parties, and prevent confusion about the scope of the copyright." *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1062 (9th Cir. 2020) (citing *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161-63 (1st Cir. 1994) (the deposit requirement provides the "Copyright Office with sufficient material to identify the work in which the registrant claims a copyright . . . [and] prevent[s] confusion about which work the author is attempting to register")). See also, *Report of the Register of Copyrights on the General Revision of the U.S. Copyright Law* 71 (1961) (one of the purposes of the deposit is "to identify the work" being registered).

5. We specifically asked in discovery for the deposit material(s) submitted to the U.S. Copyright Office in support of the subject copyright application/registration (Registration No. VAu  1-164-624).  Only after extensive resistance, and just prior to Mr. Mr. Philpot's deposition (taken on July 14, 2021), Mr. Philpot produced his own personal file of 7,992 photographs (the **"Photo file"**) which Mr. Philpot now also alleges—but cannot confirm—was submitted back in 2013 to the U.S. Copyright Office as the alleged deposit material.  It has also been alleged—but also not confirmed—that the Tom Petty image was within that set of photographs submitted to the U.S. Copyright Office with the subject application.

6. As was established during Mr. Philpot's deposition: **1)** Mr. Philpot is in possession of no documentary evidence or proof that the Photo file was in fact deposited with the copyright office in association with the application which matured into Registration No. VAu  1-164-624; and **2)** Mr. Philpot does not know and cannot confirm to us what was submitted to the U.S. Copyright Office as the deposit material in association with the copyright application that matured into Registration No. VAu  1-164-624, and he cannot confirm (other than through his own self-serving testimony) that the Photo file was actually deposited.   We should also note that, even if Mr. Philpot claims to know what was deposited, his testimony alone to that effect is insufficient as a matter of law to establish, in fact, that the Photo file was the deposit copy, since such testimony would be inadmissible under the Best Evidence Rule under F.R.E. 1002.

In light of the undisputed facts and the law cited above, Mr. Philpot is unable to prevail in this matter, for a number of reasons.  First, he cannot sustain his burden of showing that the Tom Petty Image at issue was actually registered as part of Registration No. VAu  1-164-624, and thus, pursuant to 17 U.S.C. § 408 and both *Reed Elsevier* and *Skidmore*, *supra*, Mr. Philpot's claim fails because there is no proof that the Tom Petty image has been registered prior to the suit being filed.

Alternatively, it is also true that, pursuant to the federal regulation governing the group copyright registration of unpublished photographs (37 C.F.R. § 202.4(h)), "no more than 750 photographs" could be submitted along with Mr. Philpot's application for group registration that matured into Registration No. VAu 1-164-624. *See* 37 C.F.R. § 202.4(h)(2). However, according to Mr. Philpot himself, he submitted roughly 8,000 photographs with his application for that group registration, far more than could have served as deposit material. Additionally, in order for the subject copyright registration to be valid under 37 C.F.R. § 202.4(h)(6), <u>all</u> of the photographs submitted with the application were required to be "unpublished" at the time of the application, and according to Mr. Philpot, he currently has no way of confirming whether all the Photo file photographs allegedly submitted as the deposit material were all in fact "unpublished" at the time of his application. As such, on these grounds too, there is also a failure of proof as to whether the photograph limit and the "unpublished" requirement were met.

Lastly, while not necessarily relevant to our Summary Judgment motion, it's also worth noting the bad-faith nature of the form Complaint itself, which, among other things, characterizes Mr. Philpot as a "renowned freelance photographer" and claims that "there is an extensive market and a demand for Philpot's photos." *See* ¶¶ 11 and 15, respectively. Not even Mr. Philpot believes that rhetoric.

Please advise immediately what your response is to the above, and why it is your view that Mr. Philpot can defeat our planned summary judgment motion. Should we not hear from you promptly, we plan on filing our summary judgment motion.

Regards.



**Dan C. DeCarlo**
**Partner**
Dan.DeCarlo@lewisbrisbois.com

**T: 213.680.5066  F: 213.250.7900  M: 310.213.1732**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.