UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | § | CIVIL ACTION NO. 2:20-cv-02912 |
| *Plaintiff* | § | |
| v. | § | JUDGE GREG G. GUIDRY |
| | § | |
| **WHERE Y'AT MAGAZINE, LLC,** | § | MAGISTRATE MICHAEL B. NORTH |
| *Defendant* | § | |

### DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:   Larry G. Philpot,
*through his Counsel of Record*:
Galen M. Hair
HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
4621 W. Napoleon Ave., Suite 204
Metairie, Louisiana 70001

**PLEASE TAKE NOTICE** that, pursuant to FED. R. CIV. P. 34, you are hereby requested to respond individually and in writing to each of the following Requests for Production of Documents propounded by the Defendant, WHERE Y'AT MAGAZINE, LLC ("Defendant"), and to provide your responses within thirty (30) days from the service hereof, all in accordance with the Federal Rules of Civil Procedure.

### DEFINITIONS

1. The words "you" and "your," as used herein, refer to the Plaintiff in this above-captioned matter, Larry G. Philpot, along with any and all of his employees, agents and attorneys.

2. The word "DOCUMENT," or "DOCUMENTS," as used herein, is used in its broadest sense possible as set forth in Fed. R. Civ. P. 34 and includes, but is not limited to, any and all writings, drawings, graphs, charts, lists, deposit materials, photographs, phono-records, and/or other data compilations from which information can be obtained, as well as any written, printed, typed, recorded, reported, pictorial, or graphic matter of every kind and description, including both original and copies and all attachments and appendices. Without limiting the foregoing, the terms

"DOCUMENT" and "DOCUMENTS" shall also include any and all printed, typewritten, or handwritten instrument of whatever character, including, but not limited to, information created and/or stored in electronic form, as well as any and all agreements, contracts, communications, correspondence, registrations, applications, licenses, letters, emails, messages, memoranda, handwritten or typewritten notes, records, reports, books, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies, telegrams, telexes, telefaxes, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations or interviews, minutes, summaries, or other records of meetings and conferences, statements obtained from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, worksheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' reports, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, lists, journals, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, programs and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer stored (including e-mail), magnetically-stored, optically-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.

3. The phrase, "all DOCUMENTS," as used herein, means and refers to every DOCUMENT within a stated category that is within your possession, custody, or control, including if you have the ability to require production of the DOCUMENT from someone else, whether because of an employment or business relationship, contract, or otherwise.

4. The phrase, "ALLEGED COPYRIGHTED IMAGE," as used herein, refers to the photographed image of Tom Petty that is alleged in this case to have been infringed or used impermissibly by Defendant.

5. The word "REGISTRATION" shall mean U.S. Copyright Registration VAu 1-164-624.

6. This word "APPLICATION" shall mean and include the group copyright registration application, and all supporting DOCUMENTS, photographs, and deposit materials filed with the U.S. Copyright Office, which ultimately matured into the subject REGISTRATION.

7. The word "communication," as used herein, refers to any transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means. The word "communication" is used in its broadest sense to encompass, without limitation, any and all statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions, and symposia or any other transmittal of information in the form of acts, ideas, inquiries, or otherwise, whether written, oral or otherwise. The term further includes, without limitation, both communications and statements which are face-to-face and those which are transmitted by media such as intercom, telephone, television, radio, or computer.

## INSTRUCTIONS

1. You are required to respond to the following document requests within the time period and in the manner provided by the Federal Rules of Civil Procedure, including, but not limited to, the requirements of FED. R. CIV. P. 34.

2. You are required to supplement your initial responses and production of DOCUMENTS as required by the Federal Rules of Civil Procedure.

3. If you claim any privilege with respect to any DOCUMENT responsive to any of these requests, produce a privilege log in accordance with the requirements of the Federal Rules of Civil Procedure.

4. If you cannot fully respond to any document request, respond to the extent possible, state the nature of the information and knowledge that you can furnish, explain why you cannot respond further, and provide a supplemental response when you obtain more information.

5. If you are not producing any DOCUMENTS responsive to any particular document request, your answer to said request should make that clear.

6. The singular is deemed to include the plural and *vice versa*. The feminine is deemed to include the masculine and *vice versa*. The terms "and" and "or" shall be construed conjunctively and disjunctively to bring within the scope of these requests any information/documentation that might be otherwise construed to be outside their scope. "Any" also means "all" and *vice versa*.

7. These document requests are deemed continuing in nature, so as to require your prompt supplemental answers should you obtain further or supplemental information between the time the answers are served and the date of trial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

Please produce all DOCUMENTS that reflect any communication(s) with the U.S. Copyright Office regarding the subject REGISTRATION, *i.e.*, Copyright Registration VAu 1-164-624. This includes, but not is limited to, the copyright APPLICATION that was filed with the U.S. Copyright Office which ultimately matured into the subject copyright REGISTRATION, as well as any and all correspondence between the U.S. Copyright Office and the applicant (or anyone who filed, or helped file, the APPLICATION on the applicant's behalf).

**REQUEST FOR PRODUCTION NO. 2:**

Please produce the entire set of deposit material(s) submitted to the U.S. Copyright Office in connection with and/or in support of the subject copyright APPLICATION, including, but not limited to, all of the photographs, documents, lists, and other materials required to be submitted for such purposes pursuant to 37 C.F.R. § 202.4(h)-(i).[1]

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all DOCUMENTS sufficient to establish the publication status (*i.e.*, published or unpublished), at the time the APPLICATION was filed, of all of the photographs that were submitted for group REGISTRATION as part of the subject APPLICATION. Said DOCUMENTS should indicate, *inter alia*, whether all such photographs submitted with the APPLICATION were "published" at the time of the APPLICATION pursuant to 37 C.F.R. § 202.4(i), or instead, "unpublished" at the time of the APPLICATION pursuant to 37 C.F.R. § 202.4(h).

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all DOCUMENTS sufficient to establish that all of the works submitted for group REGISTRATION as part of the subject APPLICATION consisted of "photographs," as required by 37 C.F.R. § 202.4(h)(1) and 37 C.F.R. § 202.4(i)(1).

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all DOCUMENTS sufficient to establish the number of photographs registered under the subject REGISTRATION.

---

[1] For convenience, included with these Requests is the full language of 37 C.F.R. § 202.4(h)-(i), which is attached hereto as "Exhibit A."