IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | § | CIVIL ACTION No. 2:20-cv-02912 |
| Plaintiff | § § § | |
| V. | § § | JUDGE GREG G. GUIDRY |
| **WHERE Y'AT MAGAZINE, LLC,** | § § | MAGISTRATE MICHAEL B. NORTH |
| Defendant. | § § | |

## PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Larry Philpot ("Plaintiff" or "Philpot") submits these Initial Disclosures as follows:

**(i)** **The name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Plaintiff Larry Philpot, who may be contacted via Galen M. Hair, Esq., Hair Shunnarah Trial Attorneys, LLC, 4621 W. Napoleon Ave., Suite 204, Metairie, Louisiana 70001. Mr. Philpot has information concerning the creation and registration of the copyrighted works at issue in this lawsuit, as well as certain uses of the copyrighted works by Defendant Where Y'At Magazine, LLC ("Defendant").

2. Brooke Bowen, who may be contacted via Galen M. Hair, Esq., Hair Shunnarah Trial Attorneys, LLC, 4621 W. Napoleon Ave., Suite 204, Metairie, Louisiana 70001. Ms. Bowen has information concerning the infringement of Plaintiff's copyrighted works at issue in this lawsuit.

3. Where Y'At Magazine, LLC and its members, owners, employees, representatives, and agents, who may be contacted via Claude F. Reynaud III, Lewis Brisbois Bisgaard & Smith, 400 Poydras Street, Suite 1300, New Orleans, LA 70130.  These individuals have knowledge of Defendant's infringement of Plaintiff's copyrighted work and the profits obtained therefrom.

4. All counsel of record in this lawsuit.

   **(ii)   A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

   1. Plaintiff's U.S. Copyright Registration Certificates and Deposits.

   2. Documents concerning the Creative Commons license.

   3. Plaintiff's documentation of Defendant's use of Plaintiff's copyrighted works.

   4. Defendant's documentation of Defendant's use of Plaintiff's copyrighted works.

   5. Defendant's records of its transactions, communications, and business records involving, or related to, its use of Plaintiff's copyrighted work.

   6. Defendant's records involving, or related to, its affirmative defenses.

   These documents are in Plaintiff's and Defendant's possession.

   **(iii)  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiff seeks injunctive relief, statutory damages, actual damages, and disgorgement of all profits derived by Defendant from its act of copyright infringement.  Plaintiff seeks $150,000 in statutory damages for willful infringement of Plaintiff's copyrighted work and in the event the factfinder does not determine Defendant's infringement of Plaintiff's copyrights to be willful,

Plaintiff seeks $30,000 in statutory damages for copyright infringement. Plaintiff also seeks to recover his court costs, prejudgment interest, and attorney's fees incurred in this matter. Such damages are based on lost licensing revenue and lost business opportunities. As discovery is still ongoing in this matter, Plaintiff reserves the right to supplement this disclosure.

**(iv)** **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

Respectfully submitted,

**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC**

/s/ Galen M. Hair
Galen M. Hair, Esq. La. Bar No. 32865, TA
Hair Shunnarah Trial Attorneys, LLC
3540 S. I-10 Serv. Rd. W, Suite 300
Metairie, Louisiana 70001
Tel: (504) 383-7826
Fax: (504) 613-6351
Email: hair @hairshunnarah.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2021, I served the foregoing instrument on the following individuals by email, as agreed by the Parties:

Claude F. Reynaud III
La. Bar No. 31534
Lewis Brisbois Bisgaard & Smith, LLP
400 Poydras Street, Suite 1300
New Orleans, LA 70130
Claude.Reynaud@lewisbrisbois.com
Tel: (504) 372-6660
Fax: (504) 754-7569

**ATTORNEY FOR DEFENDANT**

/s/ Galen M. Hair
Galen M. Hair, Esq.