THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY G. PHILPOT, | § § § | |
| Plaintiff | § § | |
| V. | § § | Civil Action No. 2:20-CV-02912 |
| WHERE Y'AT MAGAZINE, LLC, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

To: Where Y'at Magazine, LLC, by and through its attorney of record, Claude F. Reynaud III, Lewis Brisbois Bisgaard & Smith, LLP, 400 Poydras Street, Suite 1300, New Orleans, Louisiana 70130 by Electronic Mail, as agreed by the parties.

COMES NOW, Plaintiff Larry G. Philpot ("Philpot" or "Plaintiff"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rules of this Court, objects and responds to Defendant Where Y'at Magazine, LLC's ("Where Y'at" or "Defendant") First Set of Requests for Production as follows:

**I.**

**OBJECTIONS TO DEFITIONS**

1. Plaintiff objects to the Definition of "you" and "your" to the extent that the term "employees" assumes that Plaintiff is a corporation, not an individual. Plaintiff further objects to this Definition insofar as the term "agents" is vague and ambiguous.
2. Plaintiff objects to the phrase "all DOCUMENTS" to the extent it includes documents not within Plaintiff's possession, custody, or control and exceeds the requirements of the Federal Rules of Civil Procedure. Plaintiff will comply with the Federal Rules of Civil Procedure.
3. Plaintiff objects to the Definition of the phrase "ALLEGED COPYRIGHTED IMAGE" to the extent that it confuses Plaintiff's actual photograph of Tom Petty with the photograph of Tom Petty that Defendant uploaded to its website.

## II.

## OBJECTIONS TO INSTRUCTIONS

1. Plaintiff objects to Instruction #1 to the extent that the phrase "within the time period" does not specify a relevant time period. Plaintiff will respond to Defendant's Requests according to the relevant time period of July 9, 2016 to present.
2. Plaintiff objects to Instruction #4 to the extent that the phrase "explain why you cannot respond further" exceeds the requirements of the Federal Rules of Civil Procedure.

## III.

## OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce all DOCUMENTS that reflect any communication(s) with the U.S. Copyright Office regarding the subject REGISTRATION, *i.e.*, Copyright Registration VAu 1-164-624. This includes, but not is limited to, the copyright APPLICATION that was filed with the U.S. Copyright Office which ultimately matured into the subject copyright REGISTRATION, as well as any and all correspondence between the U.S. Copyright Office and the applicant (or anyone who filed, or helped file, the APPLICATION on the applicant's behalf).

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks confidential or proprietary information or documents. Plaintiff will produce such confidential documents upon the entry of a mutually agreed protective order. Subject to and without waiving this objection, Plaintiff will produce copies of non-privileged, non-objectionable documents available to Plaintiff responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:** Please produce the entire set of deposit material(s) submitted to the U.S. Copyright Office in connection with and/or in support of the subject copyright APPLICATION, including, but not limited to, all of the photographs, documents, lists, and other materials required to be submitted for such purposes pursuant to 37 C.F.R § 202.4(h)-(i).

**RESPONSE:** Plaintiff objects to this Request insofar as the version of 37 C.F.R. § 202.4(h)-(i) attached to Defendant's First Set of Requests for Production of Documents to Plaintiff was not the version of 37 C.F.R. § 202.4(h)-(i) that was in effect when Plaintiff submitted his copyright application that included the Tom Petty Photo. Plaintiff objects to this Request to the extent that it seeks confidential or proprietary information or documents. Plaintiff will produce such confidential documents upon the entry of a mutually agreed protective order. Plaintiff further objects to this Request to the extent that it is duplicative of Defendant's Request for Production No. 1. Subject to and without waiving these objections, Plaintiff will produce copies of non-privileged, non-objectionable documents available to Plaintiff responsive to this Request.